UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

    -against-

ALL FUNDS ON DEPOSIT IN, OR TRANSFERRED
TO OR THROUGH, BANC OF AMERICA ACCOUNT
NUMBER 207-00426 HELD IN THE NAME OF
KENNETH V. JAEGGI AND PATTI S. JAEGGI UP TO
AND INCLUDING THE SUM OF $11,754.23, AND ALL
PROCEEDS TRACEABLE THERETO,
32,397 SHARES, STOCK CERTIFICATES,
WARRANTS AND/OR OPTIONS OF SYMBOL
TECHNOLOGIES, INC. ON DEPOSIT IN, OR
TRANSFERRED TO OR THROUGH, BANC OF AMERICA
ACCOUNT NUMBER 207-00426 HELD IN THE NAME OF
KENNETH V. JAEGGI AND PATTI S. JAEGGI, AND
ALL PROCEEDS TRACEABLE THERETO;
ALL FUNDS ON DEPOSIT IN, OR TRANSFERRED
TO OR THROUGH BANC OF AMERICA ACCOUNT
NUMBER P62-032115 HELD IN THE NAME OF
KENNETH V. JAEGGI AND PATTI S. JAEGGI UP TO
AND INCLUDING THE SUM OF $20,37.95, AND
ALL PROCEEDS TRACEABLE THERETO;
ALL SHARES, STOCKS CERTIFICATES, WARRANTS
AND/OR OPTIONS ON DEPOSIT IN, OR TRANSFERRED
TO OR THROUGH, BANC OF AMERICA ACCOUNT
NUMBER P62-032115 HELD IN THE NAME OF
KENNETH V. JAEGGI AND PATTI S. JAEGGI, AND
ALL PROCEEDS TRACEABLE THERETO;
CERTIFICATE OF DEPOSIT HELD IN BANK OF
AMERICA ACCOUNT NUMBER 91000039767747,
HELD IN THE NAME OF KENNETH JAEGGI, AND
ALL PROCEEDS TRACEABLE THERETO,

        Defendants-in-rem.
----------------------------------------X

**OPINION & ORDER**
**CV-05-3971(SJF)**

FEUERSTEIN, J.

1

On May 28, 2004, the United States of America (the government) filed an eighty-seven (87) page indictment against Kenneth Jaeggi (Jaeggi), charging him with, *inter alia*, securities fraud, 15 U.S.C. §§ 78j(b), 78ff; wire fraud, 18 U.S.C. § 1343; mail fraud, 18 U.S.C. § 1341; and conspiracy, 18 U.S.C. § 371. The indictment also indicated that the government would seek forfeiture of certain of Jaeggi's assets upon his conviction pursuant to 18 U.S.C. § 981(a)(1)(C) (authorizing civil forfeiture for mail, wire, and securities fraud proceeds) and 28 U.S.C. § 2461(c) (authorizing criminal forfeiture where civil forfeiture is authorized).

On August 19, 2005, the government commenced this civil forfeiture action pursuant to, *inter alia*, (1) 18 U.S.C. § 981(a)(1)(C), contending that the seized property constituted, or was derived from, proceeds traceable to securities fraud (15 U.S.C. §§ 78j(b) and 78ff), mail fraud (18 U.S.C. § 1341) or wire fraud (18 U.S.C. § 1343), or a conspiracy to commit such offenses; and (2) 18 U.S.C. § 981(a)(1)(A), contending that the seized property was involved in, or was traceable to, a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957 (the money laundering statutes). On that same date, the court issued a summons and warrant for arrest of defendants-in-rem, pursuant to Supplemental Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims (the Supplemental Rules).

On or about October 28, 2005, Jaeggi filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. During a court conference on December 19, 2005, Judge Wexler orally denied the motion to dismiss without prejudice. Thereafter, Jaeggi renewed his motion to dismiss pursuant to Rule 12(b)(6). By order dated July 16, 2007, I denied Jaeggi's renewed motion to dismiss. Jaeggi now moves for reconsideration of the July 16, 2007 order. For the reasons set forth herein, Jaeggi's motion is denied.

I. DISCUSSION

Motions for reconsideration in this district are governed by Local Civil Rule 6.3 (Local Rule 6.3), which requires, *inter alia*, that a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked" be served within ten (10) days after the entry of the court's order determining the original motion. The requirements of Local Rule 6.3 are strictly construed. See, U.S. v. Gross, No. 98 CR 0159, 2002 WL 32096592, at * 3 (E.D.N.Y. Dec. 5, 2002); PAB Aviation, Inc. v. U.S., No. 98 CV 5952, 2000 WL 1240196, at * 1 (E.D.N.Y. Aug. 24, 2000). Jaeggi's motion is timely under Local Rule 6.3.

In determining a motion for reconsideration, the court should consider (1) whether there has been an intervening change of controlling law; (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a need to correct a clear error or prevent manifest injustice. Gross, 2002 WL 32096592, at * 3. A party may not use a motion to reconsider as an opportunity to reargue the same points previously raised; to advance new arguments, which are deemed waived; or to introduce new evidence that should have been advanced on the previous motion or which could have been discovered in the exercise of due diligence. Gross, 2002 WL 32096592, at * 4; PAB Aviation, 2000 WL 1240196, at * 1. The purpose of a motion to reconsider is to allow the court to correct its own mistake, by calling to its attention a factual matter or a controlling precedent previously advanced by the parties, but overlooked by the court. PAB Aviation, 2000 WL 1240186, at * 1; Construction Industry Services Corp. v. Hanover Ins. Co., 206 F.R.D. 43, 54 (E.D.N.Y. 2002). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. Gross, 2002 WL 32096592, at * 4.

3

Jaeggi does not contend that there has been an intervening change of controlling law and does not present any new evidence that was not available on the original motion. Rather, Jaeggi contends, *inter alia*, that this Court "did not address the total absence of any allegations that even try to connect the asset to the alleged criminal activity," and "overlooked certain controlling legal standards and factual matters that required a complaint to allege sufficient facts as to *each* defendant-in-rem." (Jaeggi's Letter Application for Reconsideration [Jaeggi Applic.], p. 1).

Jaeggi merely reargues the same points previously raised on his renewed motion to dismiss, which is improper on a motion for reconsideration. Upon review of Jaeggi's contentions, I find that I did not overlook any factual matter or controlling precedent in the July 16, 2007 order. Thus, plaintiff's motion for reconsideration is denied.

III. CONCLUSION

Plaintiff's motion for reconsideration of the July 16, 2007 order is denied.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 19, 2007
Central Islip, New York

4